**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**TIMOTHY J. SULLIVAN**<br>**UNITED STATES MAGISTRATE JUDGE** | **6500 Cherrywood Lane**<br>**Greenbelt, Maryland 20770**<br>**Telephone: (301) 344-3593** |

June 15, 2022

LETTER TO COUNSEL:

      RE: *Kelly M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
            Civil No. TJS-21-2361

Dear Counsel:

On September 16, 2021, Plaintiff Kelly M. petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 12. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Kelly M. filed her applications for DIB and SSI on May 1, 2019. Tr. 16. In both applications, she alleged a disability onset date of December 31, 2015. *Id.* Her applications were denied initially and upon reconsideration. *Id.* At her request, a hearing was held before an Administrative Law Judge ("ALJ") on April 8, 2021. Tr. 39-62. In a written decision dated May 17, 2021, the ALJ found that Kelly M. was not disabled under the Social Security Act. Tr. 16-31. The Appeals Council denied Kelly M.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Kelly M.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Kelly M. had not engaged in substantial gainful activity since December 31, 2015, the alleged onset date. Tr. 18. At step two, the ALJ found that Kelly M. suffered from the following severe impairments: obesity, disorders of the cervical and lumbar spine, degenerative joint disease, obstructive sleep apnea, radiculopathy, irritable bowel syndrome, gastroesophageal reflux disease (GERD), depression, Generalized Anxiety Disorder (GAD), and Attention Deficit Disorder (ADD). Tr. 19. At step three, the ALJ found Kelly M.'s impairments, separately and in combination, failed to meet or equal in

---

[1] This case was previously assigned to other judges. It was reassigned to me on May 31, 2022.

severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). *Id.* The ALJ determined that Kelly M. retains the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is limited to lifting and carrying from waist to chest level. The claimant can walk no longer than one block at a time. The claimant can stand up to 15 minutes at a time and sit no longer than 30 minutes before standing for a few minutes. The claimant has to avoid crawling and climbing ladders, ropes, and scaffolds, but she can perform other postural movements on an occasional basis. The claimant is limited to simple, routine and low stress tasks with low stress defined as requiring work with no more than occasional change in the routine and work that allows her to avoid fast-paced tasks such as assembly line jobs involving production quotas. Also, the claimant is limited to occasional interaction with the public and co-workers. The claimant is limited to frequent fingering, grasping, handling, and reaching. The claimant has to avoid working around vibrations hazards such as moving dangerous machinery and unprotected heights. The claimant has to avoid concentrated exposure to respiratory irritants and extreme temperatures and humidity. The claimant's work environment needs to have close proximity to a restroom such as in an office setting on the same floor.

Tr. 23.

At step four, the ALJ determined that Kelly M. cannot perform any past relevant work. Tr. 29. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Kelly M. can perform, including document preparer and assembler. Tr. 30. Accordingly, the ALJ found that Kelly M. was not disabled under the Social Security Act. *Id.*

Kelly M. argues that the ALJ failed to properly consider her fibromyalgia under SSR 12-2p, 2012 WL 3104869 (July 15, 2012) and *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020). Fibromyalgia is assessed using a two-step framework. 20 C.F.R. §§ 404.1529, 416.929, SSR 12-2p. First, the ALJ must assess the objective medical evidence and determine whether the claimant has a medically determinable impairment. *Id.* Second, if the ALJ finds that the claimant has a medically determinable impairment, the ALJ assesses the intensity and persistence of the claimant's alleged symptoms to determine how they affect the claimant's ability to work. *Id.* At the second step, objective evidence is not required to find the claimant disabled. SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques." 2016 WL 1119029 (Mar. 16, 2016). Accordingly, an ALJ "must consider the entire case record and may not 'disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms'" solely because of a lack of objective medical evidence. *Arakas*, 983 F.3d at 94. When a claimant has fibromyalgia, "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms" of the condition. *Id.* at 97. If ALJs

consider objective indicators of the severity, persistence, or limiting effects of a claimant's fibromyalgia, it may only be treated as evidence substantiating the claimant's impairment. *Id.*

In this case, the ALJ improperly relied on objective evidence to discount Kelly M.'s subjective complaints of fibromyalgia. The ALJ found that Kelly M.'s fibromyalgia was a nonsevere impairment because it does "not cause a limitation or restriction that has more than a minimal effect" on her ability to work. Tr. 19. The ALJ explained that although "[n]otes from Annapolis Rheumatology state that the claimant's history and physical were largely consistent with [fibromyalgia]," other objective findings suggested that her condition was not severe:

> [T]he examiner did not notate any positive examination findings. There was no tenderness. Her strength was intact. She had a full range of motion with crepitus. Dr. Jonathon Miller indicated that therapy revolved around lifestyle modification such as diet, weight loss, exercise, stretching, good sleep hygiene, and therapy. She was supposed to return in two to three weeks, but the claimant remained lost to follow-up for nine months. In September 2019, she returned for evaluation of possible disability paperwork for 'said FM'. Physical and mental status finding were normal.

*Id.* (internal citations to record omitted).

Because *Arakas* prohibits ALJs from considering "objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms," the ALJ's consideration of objective evidence related to Kelly M.'s fibromyalgia to support the finding that the condition was nonsevere and that it had no more than a minimal effect on her ability to work was improper. The Commissioner argues that any error is harmless and that the Court should not remand the case for further proceedings. The Court is not persuaded. The dictates of *Arakas* are clear: an ALJ may not consider objective evidence to discount a claimant's subjective complaints about fibromyalgia. The ALJ did what *Arakas* prohibited in this case. Remand is required so that the ALJ can prepare a decision that complies with governing Fourth Circuit law. *See e.g.*, *Leniya S. v. Saul*, No. DLB-19-2990, 2021 WL 1224067, at *2-3 (D. Md. Mar. 31, 2021) (remanding case because ALJ considered objective evidence to discount the claimant's subjective complaints related to fibromyalgia).

For these reasons, both parties' motions for summary judgment (ECF Nos. 11 & 12) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g). the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge
